**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
BANK OF BARODA, NEW YORK BRANCH

                       Plaintiff,                         **OPINION & ORDER**

         -against-                                     21-CV-06982 (ALC) (VF)

KEJRIWAL NEWSPRINT MILLS, LLC,
Dba RESOURCE REUTILIZATION LLC,
and RACHNA KEJRIWAL, an individual,

                      Defendants.
-----------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Plaintiff the Bank of Baroda, New York Branch ("Bank of Baroda") commenced this breach-of-contract action on August 19, 2021, against Defendants Kejriwal Newsprint Mills, LLC ("Kejriwal") and Rachna Kejriwal. See ECF Nos. 1, 5. Defendants answered the complaint and asserted a counterclaim for breach of contract. See ECF No. 13. Presently before the Court is Plaintiff's motion to strike Defendants' jury demand. See ECF No. 17. For the reasons set forth below, the motion is **DENIED** without prejudice.

      Under Federal Rule of Civil Procedure 39, when a demand for a jury trial is made, the court, "on motion or on its own," may strike the demand where it "finds that on some or all of [the] issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). "[A] court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial." Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc., No. 03-CV-8259 (CSH), 2007 WL 3286645, at *3-4 (S.D.N.Y. Nov. 7, 2007) (citation omitted); see also Great Earth Int'l Franchising Corp. v. Milks Dev., 311 F. Supp. 2d 419, 420, 437-38 (S.D.N.Y. 2004) (striking

1

jury demand on "eve of trial"); Chen v. Hunan Manor Enter., Inc., 340 F.R.D. 85, 89 (S.D.N.Y. Jan. 27, 2022) (noting that a motion to strike a jury demand may be made at any time prior to trial).

In their answer to the complaint, Defendants made a demand for a jury trial. See ECF No. 13. Relying on the allegations in the verified complaint, Plaintiff seeks to strike the demand because it is "a banking corporation incorporated under the laws of India" and the "majority of the Plaintiff's shares are owned by the Government of India." See ECF No. 19 at 2; see also Verified Compl. ¶¶ 1-2. Defendants counter that Plaintiff has not demonstrated that it is a foreign state because it has not proffered acceptable proof that its shares are owned by a foreign government. See ECF No. 21 at 4-6. Defendants thus contend that an issue of fact exists as to whether Plaintiff is a foreign state. Id.

The Foreign Sovereign Immunities Act ("FSIA") establishes a district court's jurisdiction over an action "against a foreign state as defined in section 1603(a) of [Title 28]," but limits that jurisdiction to "any nonjury civil action." 28 U.S.C. § 1330(a); see also Marchisella v. Gov't of Japan, No. 02-CV-10023 (DC), 2004 WL 307248, at *2 (S.D.N.Y. Feb. 17, 2004) ("The FSIA provides the sole basis for obtaining jurisdiction over a foreign state in United States courts."). Consequently, a district court does not have jurisdiction to hear a claim against a foreign state unless it is tried to the bench and not a jury. Ruggiero v. Compania Peruana de Vapores Inca Capac Yupanqui, 639 F.2d 872, 875-76 (2d Cir. 1981). Under 28 U.S.C. § 1603, a "foreign state" includes an "agency or instrumentality of a foreign state," which, as is relevant here, can be an entity, "a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof." 28 U.S.C. § 1603(b)(2).

Although a foreign bank whose shares are owned by a foreign government would constitute a "foreign state" under Section 1603, see, e.g., Bank of China v. Chan, No. 88-CV-0232 (MBM), 1992 WL 298002, at *1 (S.D.N.Y. Oct. 14, 1992), Plaintiff has not proffered sufficient evidence, at this stage, to establish that it is a foreign state. As evidence that it is a "foreign state," Plaintiff relies on the verified complaint. In effect, Plaintiff contends that the verified complaint demonstrates that there is no issue of fact as to its status as a foreign state. Plaintiff's reliance is misplaced.

The verified complaint contains an allegation that the "majority of Plaintiff's shares are owned by the Government of India." Verified Compl. ¶ 2. A verified pleading may serve as an affidavit to establish a material fact for summary judgment purposes. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995); see also Barza Dev. Corp. v. Meister Seelig & Fein LLP, No. 16-CV-7763, 2018 WL 2356664, at *5-6 (S.D.N.Y. May 10, 2018) ("Because the verified complaint was signed by [the represented plaintiff] under penalty of perjury, it is the equivalent of an affidavit for the purposes of this summary judgment motion, to the extent it contains statements of fact based on [the plaintiff's] personal knowledge.") (citation omitted). A verified complaint may thus "be considered in determining whether material issues of fact exist," provided that it "meets the other requirements for an affidavit" under Rule 56. Id. (citations and internal quotation marks omitted). Under Federal Rule of Civil Procedure 56(c), an affidavit "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); see also Epstein v. Kemper Ins. Cos., 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002) (noting that statements in an affidavit "are inappropriate if they are not based on personal knowledge"); Curtis v. Cenlar FSB, 654 F. App'x 17, 20 (2d Cir. 2016) (stating that the

3

court "may treat" the plaintiff's verified complaint "as an affidavit for summary judgment purposes" so far as the allegations therein "were made on personal knowledge") (citation and internal quotation marks omitted).

Here, the complaint was verified by Satya Narayan Patra, an "Assistant General Manage[r]." See Verified Compl. at 6. The verification does not provide any description of Patra's role or duties at the bank, other than his title. Nor does the verification explain Patra's basis for knowing that the majority of the bank's shares are owned by a foreign government. See, e.g., Torrel v. City of N.Y., 114 F. App'x 14, 16 (2d Cir. 2004) (concluding that affidavit was insufficient because it "did not provide any basis for [affiant's] personal knowledge of the facts and circumstances"). Moreover, the verification indicates that Patra knows the allegations in the complaint to be true "based on the Bank's records, and to the best of his knowledge, belief and information." See Verified Compl. at 6. It is thus not apparent from the verification itself that Patra knows that the majority of the bank's shares are owned by the Government of India because of his review of the bank's records as opposed to relying on "information and belief." See Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004) (assertions made on "information and belief" do not satisfy Rule 56 affidavit requirement). And the complaint does not contain any factual details to support the allegation that a majority of the bank's shares are owned by a foreign government. Although the verified complaint may be treated as an affidavit, and an affidavit based on personal knowledge could constitute adequate proof to establish that Plaintiff is a foreign state, the verified complaint here is insufficient because the verification does not adequately establish that Patra's verification was based on his personal knowledge.

Plaintiff may very well be a foreign state. But, for the reasons discussed, the verified complaint is insufficient to conclusively establish that fact. However, because a motion to strike

a jury demand may be considered at any time prior to trial, Plaintiff may raise the motion again, at such time as it has the evidence necessary to show that a majority of the bank's shares are owned by the Government of India. See, e.g., Taupita Inv., Ltd. v. Benny Ping Wing Leung, No. 14-CV-9739 (PAE), 2017 WL 3600422, at *13 (S.D.N.Y. Aug. 17, 2017) (denying motion to strike jury demand without prejudice to party's right to renew the motion following discovery and resolution of motions for summary judgment).

    For the foregoing reasons, Plaintiff's Motion to Strike is **DENIED** without prejudice. The Clerk of the Court is directed to terminate the motion at ECF No. 17.

Date: August 30, 2022
    New York, New York

                                                       Respectfully submitted,

                                                       VALERIE FIGUEREDO
                                                       United States Magistrate Judge