

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: January 13, 2026**

The settlement conference will remain on **January 20, 2026** because the Court has a full calendar on **January 21, 2026**. Defendants' client may appear remotely. The dial-in information will be e-mailed to the parties closer to the conference date. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 92.

Direct Dial: (212) 894-6838
Direct Fax:  (212) 370-4453
EBurton@condonlaw.com

January 12, 2026

**VIA ECF**

Hon. Valerie Figueredo
United States District Court Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007
FigueredoNYSDChambers@nysd.uscourts.gov

Re:    *Bank of Baroda, New York Branch v. Kejriwal Newsprint Mills, LLC, et al.*
       Case Number: 1:21-CV-06982 (ALC) (VF)

Dear Judge Figueredo:

We represent Plaintiff/Counterclaim-Defendant Bank of Baroda, New York Branch (the "Bank").  We write in response and partial opposition to Defendants/Counterclaim-Plaintiffs' request to adjourn the upcoming settlement conference scheduled for January 20, 2026.

During conferral with counsel on January 9, 2026, we did not consent to generally adjourning the settlement conference, but rather consented only to holding the settlement conference on January 21 if the Court was amenable to that specific date.  Otherwise, given that the settlement conference has been scheduled for quite some time, the scheduled trial date, and that counsel's unavailability was not communicated to us prior to the afternoon of January 9, the Bank is not amenable to adjourning the settlement conference, except for a one-day adjournment to January 21 if possible.

We also oppose the request for Defendants/Counterclaim-Plaintiffs to appear remotely at the settlement conference.  This issue was never raised to us by counsel prior to the letter submitted to the Court on January 9.  Our client and witnesses will be physically present at the settlement conference and the Court's prior order directed in-person party attendance.  In our experience, pre-trial mediation is more likely to succeed when the parties in interest are physically present before the Court.  We therefore object to remote attendance.

Respectfully Submitted,

CONDON & FORSYTH LLP

/s/ Eli G. Burton
Eli G. Burton